

FILED

AUG 24 2018

WASHINGTON STATE
SUPREME COURT

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| ROBIN BALL, a resident of the state of Washington; the NATIONAL RIFLE ASSOCIATION, ALAN GOTTLIEB and JULIANNE HOY VERSNEL, | ) ) ) ) ) |
| Respondents, | ) ) |
| v. | ) ) |
| KIM WYMAN, Washington State Secretary of State in her official capacity, | ) ) ) |
| Respondent, | ) ) |
| and | ) ) |
| SAFE SCHOOLS SAFE COMMUNITIES, | ) ) |
| Appellant. | ) ) |

**O R D E R**

No. 96191-3

Thurston County No.
18-2-03747-3

On August 17, 2018, "RESPONDENT-INTERVENOR SAFE SCHOOLS SAFE COMMUNITIES' NOTICE OF APPEAL TO THE WASHINGTON SUPREME COURT" was filed and an accelerated briefing schedule was established. Having reviewed the briefing and other documents filed in the matter, the Court has unanimously determined that the following order be entered;

Now, therefore, it is hereby

ORDERED:

Appellant's campaign gathered over 378,000 signatures on petitions in support of placing Initiative 1639, an initiative to the people (hereinafter "I-1639") for presentation to voters on the November 6, 2018 statewide ballot. When Secretary of State Kim Wyman reviewed the petitions

in support of I-1639 for her certification, she identified potential problems with them. First, the proposed measure printed on the back of the signed petitions was in a very small font. Second, the proposed measure on the back of the petitions was missing the underlining and strike-out formatting that was present in the proposed measure language submitted to the secretary that delineates between existing and new statutory language. But the statute governing certification of initiatives gives the secretary very limited authority to refuse to certify an initiative petition to the ballot: (1) for failure to substantially follow certain form requirements not applicable here, (2) for "clear[]" failure to collect sufficient signatures, or (3) for failure to file the initiative petition on time. RCW 29A.72.170. Accordingly, the secretary exercised her discretion to certify the I-1639 petition for presentation to the voters.

On July 27, 2018, two groups of plaintiffs timely brought similar preelection challenges in Thurston County Superior Court to the secretary's certification of the I-1639 petition. Both groups of plaintiffs requested that the court review the petition for sufficient signatures under RCW 29A.72.240, a provision that authorizes judicial review of the number of signatures submitted in support of an initiative, and sought declaratory and injunctive relief. Both challenges are based on the contention that the print on the back of the I-1639 petitions is not a true, accurate, and readable copy of the proposed measure presented to the secretary and was thus not the "full" text of the proposed measure. WASH. CONST. art. II, § 37; RCW 29A.72.100. The superior court consolidated the cases, heard argument on August 17, 2018, and at the conclusion of the hearing, granted mandamus relief prohibiting the secretary from certifying I-1639 for the November election. The court found that the text on the back of the petitions was not readable and did not strictly comply with the statutory and constitutional requirements

identified by the plaintiffs. The campaign supporting the petition directly appealed to this court pursuant to RCW 29A.72.240. We accept direct review and reverse the superior court.

This action was not properly brought under RCW 29A.72.240. The purpose of this statute is narrow; it does not allow for preelection judicial review of the form, process, substance, or constitutionality of an initiative petition. The plain language of RCW 29A.72.240 limits the court to examining whether the petitions "contain the requisite number of signatures of legal voters." *See State ex rel. Donohue v. Coe*, 49 Wn.2d 410, 415, 302 P.2d 202 (1956) (interpreting predecessor statute). Thus, the mandamus relief available under this statute is limited to enforcing the number-of-signature requirements and is not available where, as here, there is no actual challenge to the counting of signatures.

Respondents also contend that the court may exercise its inherent mandamus power to protect the integrity of the initiative process and the mandates of the constitution. Mandamus relief is available to compel a public officer to perform a nondiscretionary duty required by law. *City of Tacoma v. O'Brien*, 85 Wn.2d 266, 268, 534 P.2d 114 (1975). It may also be used to prohibit a public officer from performing an act. *Id.* But to justify the court's extraordinary use of mandamus power it must be based on a state official's nondiscretionary duty. *In re Pers. Restraint of Dyer*, 143 Wn.2d 384, 398, 20 P.3d 907 (2001). "The act of mandamus compels performance of a duty, but cannot lie to control discretion." *Id.* (citing *Benedict v. Bd. of Police Pension Fund Comm'rs*, 35 Wn.2d 465, 475, 214 P.2d 171 (1950)). Here, there is no legislative mandate that the secretary must decline to certify and present to voters an initiative based on failure to comply with the requirement that "a readable, full, true, and correct copy" of the initiative appear on the back of every petition, or on legibility or formatting concerns. RCW

29A.72.100. As the secretary readily admits, and as the superior court found, her duty in certifying or declining to certify the petitions is limited by RCW 29A.72.170. Because the secretary has no mandatory duty to not certify an initiative petition based on the readability, correctness, or formatting of the proposed measure printed on the back of the petitions, mandamus cannot lie in this case.

The superior court judgment entering mandamus relief is reversed.

DATED at Olympia, Washington, this 24th day of August, 2018.

For the Court

Fairhurst, C.J.
CHIEF JUSTICE